UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
KAWAND COFIELD,

                    Plaintiff,

    -against-

ARMOR CORRECTIONAL HEALTH, INC.,

                    Defendant.
----------------------------------------------------------X

ORDER
12-CV-1394 (SJF)(ETB)

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E D N Y

★ APR 1 1 2012 ★

**LONG ISLAND OFFICE**

FEUERSTEIN, District Judge:

I. Introduction

Before the Court is the complaint of incarcerated pro se plaintiff Kawand Cofield ("plaintiff"), accompanied by an application to proceed in forma pauperis. Upon review of plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that plaintiff's financial position qualifies him to commence this action without prepayment of the Court's filing fee. See 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's application to proceed in forma pauperis is granted. However, for the reasons that follow, the complaint is sua sponte dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

II. The Complaint

In his brief, handwritten complaint, submitted on the Court's 42 U.S.C. § 1983 ("Section 1983") complaint form, plaintiff alleges that he has "been bleeding internally each time [he] move[s his] bowels." Complaint [Docket Entry No. 1] at ¶ IV. Plaintiff claims that he has been suffering from this condition since being incarcerated in October 2011, and that he has brought it

to the attention of medical staff on two (2) occasions. On the first occasion, he was given a medical test and prescribed medication "which never helped." Id. On the second occasion, he was given another medical test, although plaintiff claims he has not received the results. Id. Plaintiff states that he "strongly believe[s] something is seriously wrong." Id.

As a result of the foregoing, plaintiff seeks to recover two million dollars ($2,000,000) as "compensation for [his] pain and suffering due to the lack of sufficient medical treatment and attention." Id. at ¶ V.

III. Discussion

   A.   In Forma Pauperis Application

The Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's request to proceed in forma pauperis is granted.

   B.   The Prison Litigation Reform Act

The Prison Litigation Reform Act, codified at 28 U.S.C. § 1915, requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii); 28 U.S.C. 1915A(a) & (b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court is required to dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(a).

It is axiomatic that the Court is required to read the plaintiff's pro se complaint liberally,

see Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed.2d 1081 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed.2d 251(1976)), and to construe it "'to raise the strongest arguments'" suggested. Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (quoting Harris v. City of N.Y., 607 F.3d 18, 24 (2d Cir. 2010)); Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). Moreover, at the pleadings stage of the action, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949-50, 173 L. Ed.2d 868 (2009)); see also Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 171, 125 S. Ct. 1497, 161 L. Ed.2d 361 (2005).

A complaint must plead facts sufficient "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citations omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

C.  Section 1983

42 U.S.C. § 1983 provides that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation

3

>of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Rae v. County of Suffolk, 693 F. Supp.2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)). Section 1983 does not create a substantive right; rather, to recover, a plaintiff must establish the deprivation of a separate, federal right. Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

Here, plaintiff names Armor Correctional Health, Inc. as the sole defendant, but does not include any specific allegations against this company. The Court's research reveals that Armor Correctional Health, Inc. is a private company performing medical services for inmates at the Nassau County Correctional Center. "In order to state a claim under § 1983, a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law." Ciambriello v. County of Nassau, 292 F.3d 307, 323 (2d Cir. 2002). Furthermore, "[p]rivate employers are not liable under § 1983 for the constitutional torts of their employees, unless the plaintiff proves that 'action pursuant to official . . . *policy* of some nature caused a constitutional tort.'" Rojas v. Alexander's Dept. Store, Inc., 924 F.2d 406, 408 (2d Cir. 1990) (quoting Monell v. Dep't of Social Serv. of the City of N.Y., 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978) (emphasis in original)) (internal citations omitted); see also White v. Moylan, 554 F. Supp.2d 263, 267-68 (D. Conn. 2008); Martin v. Lociccero, 917 F. Supp. 178, 184 (W.D.N.Y. 1995).

Plaintiff has not alleged any factors that could make Armor Correctional Health, Inc. liable for the actions of its employees. Accordingly, plaintiff's claims are dismissed with prejudice unless he files an amended complaint alleging a constitutional violation within thirty (30) days from the date this order is served upon him.

IV.    Conclusion

For the reasons set forth above, plaintiff's application to proceed in forma pauperis is granted. However, plaintiff's claims against Armor Correctional Health, Inc. are sua sponte dismissed with prejudice unless plaintiff files an amended complaint stating a viable Section 1983 claim against defendant within thirty (30) days from the date that this order is served upon him.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**SO ORDERED.**

s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated:    April 11, 2012
          Central Islip, New York

5