FILED
IN CLERK'S OFFICE
US DISTRICT COURT EDNY

★ MAY 31 2013 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KAWAND COFIELD,

        Plaintiff,

   -against-

ARMOR CORRECTIONAL HEALTH, INC.,
et al.,

        Defendants.
------------------------------------------------------------X

**ORDER**
12-CV-1394 (SJF)(ETB)

FEUERSTEIN, J.

On March 14, 2012, incarcerated pro se plaintiff Kawand Cofield ("plaintiff") filed a complaint pursuant to 42 U.S.C. § 1983 ("section 1983") against Armor Correctional Health Inc. ("Armor"), accompanied by an application to proceed in forma pauperis. By order dated April 11, 2012, the Court granted plaintiff's application to proceed in forma pauperis but sua sponte dismissed the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). [Docket Entry No. 6]. The Court granted plaintiff leave to file an amended complaint alleging a constitutional violation against a proper defendant within thirty (30) days and warned him that his failure to timely file an amended complaint would lead to the dismissal of his complaint with prejudice. Id.

By letter dated April 14, 2012, plaintiff requested an extension of time to file an amended complaint, [Docket Entry No. 7], and the Court extended the deadline to June 18, 2012. [Docket Entry No. 8]. Rather than file an amended complaint as directed, plaintiff filed another complaint on July 23, 2012, which initiated a new case, Docket No. 12-CV-3708, and filed an amended complaint under the new docket number on August 8, 2012. Other than the addition of

1

Nassau County Sheriff Michael Sposato as a defendant, the amended complaint is largely identical to the original complaint in the first action. Given plaintiff's pro se status, rather than dismiss the first action for his failure to timely file an amended complaint, the Court consolidated plaintiff's cases under the first-filed action. [Docket Entry No. 10].

Now before the Court are the motions to dismiss plaintiff's amended complaint, [Docket Entry No. 11] ("Am. Compl."), by Sheriff Sposato [Docket Entry No 28] and Armor [Docket Entry No. 34] (together, "defendants"). Defendants served their motions to dismiss on plaintiff on January 7, 2013. [Docket Entry Nos. 24-1, 25, 31]. Plaintiff has not opposed the motions and has not sought an extension of time within which to do so. For the reasons that follow, defendants' unopposed motions to dismiss plaintiff's amended complaint are GRANTED.

II. Background

Plaintiff alleges that Armor "failed to provide the proper and adiquate [sic] medical attention for injuries plaintiff sustained during [his] stay . . . at Nassau County Correctional facility because of lack of proper medical treatment for severe stomach issues that are unknown to date[.]" Am. Compl. at ¶ 4. Plaintiff "sustained severe bleeding intestinally, each and everytime [sic] plaintiff moves his bowels" and "has irregular bowel movements between 5 to 7 times daily to date." Id. at ¶ 5. Plaintiff "submitted grievances and sick call slips" and was told that he would be referred to a gastroenterologist. Id. After seventy-two (72) days, plaintiff submitted another sick call in order to determine why he had not yet seen the gastroenterologist. Id. Plaintiff was told "that a note on the G.I. request form was found that read inmate refuses." Id. Plaintiff denied having refused medical treatment but never received any further information from the prison medical staff regarding his referral. Id. Plaintiff also alleges that stool samples taken in January 2012 "came back positive for having blood in the stool" but he was not given

medical treatment as a result. Id. Plaintiff "suffers from severe head aches, severe stomach pains, weight loss and hemroids [sic] due to lack of medical attention to date." Id.

III.  Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The pleading of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 127 S.Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678.

In deciding a motion pursuant to Rule 12(b)(6), the Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. See McGarry v. Pallito, 687 F.3d 505, 510 (2d Cir. 2012); Rescuecom Corp. v. Google Inc., 562 F.3d 123, 127 (2d Cir. 2009). However, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at

3

679; see also Ruston v. Town Board for Town of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010) ("A court can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.") (quotations and citations omitted). Nonetheless, a plaintiff is not required to plead "specific evidence or extra facts beyond what is needed to make the claim plausible." Arista Records, LLC v. Doe 3, 604 F.3d 110, 120-1 (2d Cir. 2010); see also Matson v. Board of Education of City School District of New York, 631 F.3d 57, 63 (2d Cir. 2011) ("While a complaint need not contain detailed factual allegations, it requires more than an unadorned, the defendant-unlawfully-harmed-me accusation.") (internal quotations and citation omitted).

It is axiomatic that the Court is required to read a pro se plaintiff's complaint liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007), and to construe it "'to raise the strongest arguments that [it] suggest[s],'" Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (quoting Harris v. City of N.Y., 607 F.3d 18, 24 (2d Cir. 2010) (alterations in original)). Moreover, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." Kiobel v. Royal DutchPetroleum Co., 621 F.3d 111, 124 (2d Cir. 2010). A complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

4

III. Analysis

Section 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

Therefore, a plaintiff must allege that the challenged conduct was "committed by a person acting under color of state law" and that the conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (internal quotation marks omitted). Section 1983 does not create any independent substantive rights but rather is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

To state a cognizable section 1983 claim, plaintiff must also allege the personal involvement of a defendant in the purported constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010). Personal involvement may be established by evidence of direct participation by a supervisor in the challenged conduct, or by evidence of a supervisory official's "(1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." Hayut v. State Univ. of N.Y., 352 F.3d 733, 753 (2d Cir. 2003). "An individual cannot be held liable for damages under Section 1983 'merely because he held a high position of authority'. . . ." Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 127 (2d Cir. 2004) (quoting Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996)). A complaint based upon a violation under section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. See

5

Johnson v. Barney, 360 F. App'x 199 (2d Cir. 2010) (summary order).

    A.    Claim Against Sheriff Sposato

Plaintiff fails to allege that Sheriff Sposato was personally involved in any of the allegedly unlawful conduct described in the complaint. Therefore, it appears that plaintiff seeks to hold Sheriff Sposato liable based upon his supervisory position alone. However, an individual may not be held liable under section 1983 "merely because he held a high position of authority." Back, 365 F.3d at 127 (internal quotation marks omitted). Accordingly, plaintiff's section 1983 claim against Sheriff Sposato fails as a matter of law and is dismissed.

    B.    Claims Against Nassau County

To the extent that plaintiff is attempting to assert a claim against Nassau County, this claim must also be dismissed because a municipality or municipal entity cannot be held liable under section 1983 on a respondeat superior theory. Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691 (1978). To prevail on a section 1983 claim against a municipality, a plaintiff must "prove that action pursuant to official municipal policy caused the alleged constitutional injury." Cash v. Cnty. of Erie, 654 F.3d 324, 333 (2d Cir. 2011), cert. denied, 132 S. Ct. 1741, 182 L. Ed.2d 528 (2012) (internal quotation marks omitted). "A municipal policy may be pronounced or tacit and reflected in either action or inaction." Id. at 334. "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Connick v. Thompson, 131 S. Ct. 1350, 1359 (2011). Municipal liability may also lie where "a policymaking official exhibits deliberate indifference to constitutional deprivations caused by subordinates, such that the official's inaction constitutes a deliberate choice." Cash, 654 F.3d at 334 (internal quotation marks omitted).

Plaintiff's allegations are insufficient to state a cause of action pursuant to section 1983 against Nassau County. See, e.g., White v. St. Joseph's Hosp., 369 F. App'x 225, 226 (2d Cir. 2010) (affirming sua sponte dismissal of section 1983 claim for the plaintiff's failure "to allege that any of the allegedly unconstitutional actions were taken pursuant to an official policy or custom, as is required to state a § 1983 claim against a municipality"). Plaintiff fails to allege: (1) the existence of a formal policy which caused the alleged injury; (2) actions taken or decisions made by policymaking officials which caused the alleged injury; (3) a practice so persistent and widespread as to practically have the force of law which caused the alleged injury; or (4) deliberate indifference on behalf of policymakers to the rights of those who come in contact with their employees. Accordingly, to the extent plaintiff has asserted a claim against Nassau County, the claim is dismissed.

C. Claim Against Armor

"Private employers are not liable under [s]ection 1983 for the constitutional torts of their employees . . . unless the plaintiff proves that action pursuant to official . . . policy of some nature caused a constitutional tort." Rojas v. Alexander's Dep't Store, Inc., 924 F.3d 406, 408 (2d Cir. 1990) ("Although Monell dealt with municipal employers, its rationale has been extended to private businesses [acting under color of state law]."); Green v. City of N.Y., 465 F.3d 65, 82 (2d Cir. 2006) ("[The defendant hospital] is not vicariously liable for any constitutional torts that its employees may have committed."). In addition to failing to allege that an employee of Armor committed any constitutional tort with respect to plaintiff's medical care, plaintiff has failed to allege facts supporting an inference that the allegedly unconstitutional conduct resulted from an official policy or custom. Accordingly, plaintiff's section 1983 claim against Armor is dismissed.

7

The Court has considered whether to afford plaintiff a third opportunity to allege a cognizable section 1983 claim. Given that amendment would not cure the substantive defects of the complaint as set forth above, i.e., the absence of factual allegations giving rise to an inference of an official policy or custom that caused a deprivation of plaintiff's constitutional rights, leave to file a third amended complaint is denied.

IV. Conclusion

For the foregoing reasons, defendants' motions [Docket Entry Nos. 28, 34] are granted, and the amended complaint, [Docket Entry No. 11], is dismissed with prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED.**

s/ Sandra J. Feuerstein

SANDRA J. FEUERSTEIN
United States District Judge

Dated: May 31, 2013
Central Islip, New York